UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| A. HANNIBAL JOINER | CIVIL ACTION |
| VERSUS | |
| DEPARTMENT OF JUSTICE<br>ON BEHALF OF DIRECTOR, ET AL. | NO.: 15-00861-BAJ-RLB |

RULING AND ORDER

Before the Court are identical **Motion(s) for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (Docs. 11, 12)** [sic] filed by pro se litigant A. Hannibal Joiner (hereinafter, "Plaintiff") on February 12, 2016 and February 17, 2016. On March 1, 2016, Plaintiff subsequently filed a **Notice and Application for Writ (Doc. 20)** seeking review of the Court's failure to act on his motions. For the following reasons, Plaintiff's motions (Docs. 11, 12) are **DENIED** and his separate "application for writ" (Doc. 20) is **STRICKEN** from the record.

I.  BACKGROUND

On December 28, 2015, Plaintiff filed a Complaint purporting to assert various constitutional violations. (Doc. 1). The Complaint also seeks a declaration that the Patriot Act is unconstitutional. (*Id.*). Plaintiff named as defendants the Department of Justice, the Federal Bureau of Investigations [sic], the National Security Agency, the Louisiana State Police, Southern University Law Center, and the East Baton Rouge Parish Office. (*Id.*). On January 19, 2016, Plaintiff filed an Amended Complaint that named as a defendant the Director of the National Security Agency.

1

(Doc. 8). Beyond being difficult to follow, both the Complaint and the Amended Complaint are incomprehensible and the assertions contained therein are nothing short of outlandish.[1] To this date service of process has not been effectuated on any named defendant.

Plaintiff now seeks a temporary restraining order, preliminary injunction, and permanent injunction on grounds that defendants continue to "harass" and "follow" him, that defendants "have had various teams of psychiatrists evaluated [sic] him with the intentions [sic] of placing him in a mental institution," that defendants have "had plaintiff [sic] phone bugged and his mom [sic] phone bugged," and that defendants have "committed criminal trespass of his home . . . ." (Docs. 11, 12 at ¶¶ 1—7). Plaintiff does not identify which named defendant is committing the above-described act(s). (*Id.* at ¶ 11).

## II. DISCUSSION

A temporary restraining order "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotations omitted). The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no

---

[1] For instance, Plaintiff makes the following assertion: "in March/April 2015, he switch [sic] from his black attache bag to his Brief [sic] case. The FBI panicked [sic] ordered a F-16 Fighterjet [sic] to destroyed [sic] plaintiff." (*Id.* at ¶ 3). In another example, Plaintiff asserts that "Defendants replaced taxi drivers with agents, who tried to entrapped [sic] plaintiff." (*Id.* at ¶ 6). At the risk of belaboring the point, Plaintiff also asserts that "[p]etitioner is a honorably discharged veteran and has been targeted by defendant for no reason other than his public stated desire to restart the civil rights movement (peaceful protests, constitutional)" and that "[t]he FBI and NSA have coordinated the other defendants [sic] to violated [sic] petiitoner [sic] rigts [sic] and they should all be held liable for vioating [sic] petitioner [sic] constitutional [sic]." (Doc. 1 at ¶¶ 25—26).

2

longer." *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974). A temporary restraining order may be issued without notice only if both of the following requirements are satisfied:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) **the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required**.

Fed. R. Civ. P. 65(b)(1)(A)—(B) (emphasis added). A preliminary injunction, on the other hand, may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The movant seeking injunctive relief "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). These four elements are "(1) a substantial likelihood that the movant will prevail on the merits, (2) there is a substantial threat that irreparable harm will result if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to the defendant, and (4) the granting of the preliminary injunction will not disserve the public interest." *Id*.

After reviewing the record, the Court finds that Plaintiff's request for a temporary restraining order must fail, as he has not satisfied the procedural requirements of Rule 65(b) for the issuance of a temporary restraining order without notice. Plaintiff has failed to certify his efforts of providing notice to defendants, and

he has not offered any reason why notice should not be required.[2] As a consequence of this same procedural deficiency, Plaintiff's request for a preliminary injunction must also fail.

Notwithstanding these procedural defects, the Court further notes that Plaintiff's outlandish allegations, without more, lead ineluctably to the conclusion that there is not a substantial likelihood that he will prevail on the merits of his claims, whatever they might be. Additionally, Plaintiff's duplicative motions make it entirely unclear as to what specific misconduct each defendant has committed. Thus, even if the Court were inclined to entertain Plaintiff's requests for a temporary restraining order and preliminary injunction, it would be impossible to fashion an appropriate remedy as to each defendant.

Lastly, the Court addresses Plaintiff's "application for writ." (Doc. 20). Without citing any authority which would permit such relief, Plaintiff apparently seeks to have the United States Court of Appeal for the Fifth Circuit review the Court's failure to address his requested relief within a timeframe acceptable to him. (*Id*.). The proper vehicle to compel such action would have been a petition for mandamus. *See In re Cherisson*, 19 Fed.App'x 140, 141 (4th Cir. 2001).

---

[2] Despite ample time to do so, Plaintiff has not effectuated service of process of his Complaint. As a result, there is no indication that any defendant was notified of Plaintiff's pending motions by way of the Court's e-filing system.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion(s) for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (Docs. 11, 12)** [sic] filed by Plaintiff A. Hannibal Joiner are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the **Notice and Application for Writ (Doc. 20)** is hereby **STRICKEN** from the record.

Baton Rouge, Louisiana, this __3rd__ day of March, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**