UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

A. HANNIBAL JOINER                                    CIVIL ACTION

VERSUS

DEPARTMENT OF JUSTICE                          NO.: 15-00861-BAJ-RLB
ON BEHALF OF DIRECTOR, ET AL.

Considering the **Motion to Correct Ruling and Order (Doc. 53)** filed by the National Security Agency and United States Department of Justice on behalf of the Director, Federal Bureau of Investigation:

**IT IS ORDERED** that the motion (Doc. 53) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that the Ruling and Order appearing at Doc. 52 is hereby amended as follows:

## AMENDED RULING AND ORDER

Before the Court are three unopposed motions to dismiss filed separately by the Louisiana State Police ("State Police"), the Southern University Board of Supervisors ("the Southern Board"), and Sid J. Gautreaux, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), as well as one unopposed motion to dismiss filed by the National Security Agency and the United States Department of Justice on behalf of the Director, Federal Bureau of Investigations (collectively, the "Federal

---

[1] The Court acted in error when it **DISMISSED WITH PREJUDICE** claims for lack of subject matter jurisdiction. The Court corrects this oversight pursuant to Fed.R.Civ.P. 60(a).

Defendants"). (Docs. 42, 45, 46, 49). For the following reasons, the motions to dismiss are **GRANTED**.

## I.   BACKGROUND

On December 28, 2015, *pro se* Plaintiff filed a disorganized and largely unintelligible complaint alleging, among other things, that various state and federal agencies conspired to harass him and have him committed to a mental institution. (Doc. 1 at ¶¶ 1—4). Although not identified in its body, the caption of Plaintiff's complaint named as defendants the Department of Justice, the Federal Bureau of Investigations [sic], the National Security Agency, the Louisiana State Police, Southern University Law Center, and the East Baton Rouge Parish Office. (*Id.* at p. 1). Plaintiff's complaint seeks damages for violations to his First, Fourth, and Fifth Amendment rights, and further prays for a declaration that the Patriot Act[2] is unconstitutional under the First, Fourth, Ninth, and Tenth Amendments. (*Id.* at ¶¶ 13—16, 21—24).

On January 19, 2016, prior to service on any defendant, Plaintiff filed an equally disorganized and incoherent amended complaint that includes additional factual allegations that the defendants' conspiracy involved the cooperation of the U.S. Postal Service and Capital Area Transportation Corporation. (Doc. 8 at ¶¶ 1, 9—10). Plaintiff further alleges in the amended complaint that the FBI sent a fighter plane to destroy him and that it has bugged his office phone and replaced taxi drivers

---

[2] USA PATRIOT Act of 2001, Pub. L. No. 107-56, 115 Stat. 272 (2001).

with agents.[3] (*Id.* at ¶¶ 3—6). Plaintiff's amended complaint requests damages for defamation, intentional infliction of emotional distress, constitutional violations, and a declaration that the Patriot Act is unconstitutional as violating the Bill of Rights and the separation of powers doctrine. (*Id.* at ¶ 12).

After his amended complaint was filed, Plaintiff filed three additional amended complaints prior to service of process on any defendant. (Docs. 25, 30, 31). The second amended complaint includes, among other things, new allegations about how the FBI conducted surveillance on Plaintiff and placed psychiatrists in buses, courtrooms and a Walmart to evaluate him. (Doc. 25 at ¶¶ 3—6). The third amended complaint includes, among other things, a new allegation that the defendants planted agents at a phone center where he purchased his phone and addresses certain service issues. (Doc. 30 at ¶¶ 3, 8—10). The fourth amended complaint includes, among other things, various assertions about that way in which African Americans have historically suffered in the United States, without reference to any claim. (Doc. 31).

After the filing of the foregoing amendments, Plaintiff purportedly served defendants on April 21, 2016 or April 27, 2016. (Docs. 39, 43). Since then, Plaintiff has filed a fifth and sixth amended complaint. The fifth amended complaint again consists mostly of a recitation of various ways in which minority groups have been historically mistreated in the United States. (Doc. 38). The sixth amended complaint

---

[3] Specifically, Plaintiff asserts that "in March/April 2015, he switch [sic] from his black attache bag to his Brief [sic] case. The FBI panicked [sic] ordered a F-16 Fighterjet [sic] to destroyed [sic] plaintiff" and "Defendants replaced taxi drivers with agents, who tried to entrapped [sic] plaintiff." (*Id.* at ¶¶ 3, 6). In other sections of his amended complaint, Plaintiff asserts that he "does not have internet service and has not had any contact with any foreign Government, except the Department of Education, for the State of Israel" and that he "wanted to sighed [sic] up for a Hebrew class; however, he was unable to register because he could not afford it." (*Id.* at 11—12).

consists primarily of legal responses to the motion to dismiss filed by the Federal Defendants. (Doc. 40). It also contains an allegation that the Court has subject matter jurisdiction based on the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1345(b) *et seq.*, presumably in response to the Federal Defendant's assertion that subject matter jurisdiction is lacking. (*Id*. at ¶ 1).

## II.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id*. (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002)). Considering a Rule

4

12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286-87 (citing *Ramming*, 281 F.3d at 161). Additionally, a motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

## III.   DISCUSSION

While Plaintiff has made numerous allegations of violations of federal law as to unspecified defendants, the State Police asserts that Plaintiff has only made one factual allegation regarding it, namely his allegation that "Defendants have followed and harassed plaintiff, which included the East Baton Rouge Sheriff Office, the La State Police [sic], the Southern University Police, the Baker City Police [sic]." (Doc. 8 at p. 2; Doc. 42-1 at pp. 1—2). Aside from this allegation, the State Police asserts that Plaintiff has not made any other specific mention of it or the actions of its officers. (Doc. 42-1 at p. 2).

Against this limited factual backdrop, the State Police argues that any properly pled claims against it must be dismissed pursuant to Rule 12(b)(1), because it is entitled to immunity pursuant to the Eleventh Amendment. *Fairley v. Stadler*, 294 F. App'x 805, 811 (5th Cir. 2008). Alternatively, the State Police argues that Plaintiff has failed to set forth sufficient factual allegations to sustain a claim against it pursuant to Rule 12(b)(6). *Iqbal*, 556 U.S. 662 (2009).

To the extent Plaintiff has properly pled a claim against it, the Court agrees that the State Police, an alter ego of the State of Louisiana, is immune from suit in

5

federal court. *Cupps v. Louisiana State Police*, No.: 12-cv-0123, 2013 WL 2302688, at *2 (M.D. La. May 24, 2013). Without jurisdiction to hear claims against it, the State Police's motion to dismiss (Doc. 42) is **GRANTED** and Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**.

Like the State Police, the Southern Board asserts that Plaintiff has only made two specific allegations against it. (Doc. 45-1 at pp. 4—5). Specifically, Plaintiff has asserted that the Southern Board has had University personnel "spy on petitioner" and that its campus police have "followed and harassed" him. (Doc. 1 at ¶ 19; Doc. 8 at ¶ 8). The Southern Board argues that dismissal is proper pursuant to Rule 12(b)(1), because it is entitled to immunity pursuant to the Eleventh Amendment. *Richardson v. S. Univ.*, 118 F.3d 450, 454 (5th Cir. 1997). Alternatively, the Southern Board argues that Plaintiff has failed to set forth sufficient factual allegations to sustain a claim against it pursuant to Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

To the extent Plaintiff has properly pled a claim against it, the Court agrees that the Southern Board, an alter ego of the State of Louisiana, is immune from suit in federal court. *Richardson*, 118 F.3d at 454. Without jurisdiction to hear claims against it, the Southern Board's motion to dismiss (Doc. 45) is **GRANTED** and Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**.

Sheriff Gautreaux argues that Plaintiff has failed to allege sufficient facts to state a claim for relief against him in his individual or official capacities pursuant to 28 U.S.C. § 1983. (Doc. 46-1 at pp. 5—7). For instance, Plaintiff has not alleged that Sheriff Gautreaux was personally involved in any allegation set forth in his complaint

6

and the amendments thereto. (*Id.*) Nor has Plaintiff alleged that he was injured pursuant to an official municipal policy in order to maintain a claim against Sheriff Gauxtreaux in his official capacity. (*Id.*). In fact, the only specific allegation against Sheriff Gautreaux is that he and unspecified defendants have "followed and harassed" him. (Doc. 8 at ¶ 8).

Upon review, the Court finds that Plaintiff has failed to allege sufficient facts to support a claim against Sheriff Gautreaux. *Iqbal*, 556 U.S. at 678; *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). Accordingly, Sheriff Gautreaux's motion to dismiss (Doc. 46) is **GRANTED** and Plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

The Federal Defendants seek dismissal of Plaintiff's lawsuit on various grounds. (Doc. 49 at p. 1). First, they argue that dismissal is proper because the Court lacks subject matter jurisdiction to entertain Plaintiff's claims. (*Id.*). Second, they argue that Plaintiff has failed to effectuate proper service of process upon them. (*Id.*). Third, they argue that dismissal is proper for lack of personal jurisdiction. (*Id.*). Lastly, and in the alternative, the Federal Defendants assert that Plaintiff has failed to allege sufficient facts to state a claim against them. (*Id.*).

The Court agrees that Plaintiff has not sustained his burden of proving that jurisdiction is proper over his claims against the Federal Defendants.[4] *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989). The United States and its agencies cannot be sued absent a waiver of sovereign immunity. *Garcia*

---

[4] Plaintiff's claim seeking to declare the Patriot Act unconstitional is addressed separately, *infra*.

*v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Plaintiff's complaint and the amendments thereto allege constitutional violations against the Federal Defendants which are barred by the doctrine of sovereign immunity, and Plaintiff has not directed the Court's attention to any statute that would indicate otherwise. *Id.* Plaintiff's vague reference to the Federal Tort Claims Act ("FTCA") in his sixth amended complaint does not cure this deficiency, as his claims against the Federal Defendants, whatever they may be, arise under the United States Constitution, not state tort law.[5] *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989). Moreover, Plaintiff has failed to indicate that he sought administrative relief prior to bringing any claim in this court pursuant to the FTCA. *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

Without jurisdiction to hear claims against them, the Federal Defendants' motion to dismiss is **GRANTED** and Plaintiff's claims against them are **DISMISSED WITHOUT PREJUDICE**.

Relative to his request to have the Patriot Act declared unconstitutional, the Federal Defendants argue that Plaintiff has not demonstrated that he has Article III standing to bring this claim. (Doc. 49-1 at pp. 7—9). To satisfy the three requirements of Article III standing, Plaintiff must allege an injury in fact that is fairly traceable to the conduct of one of the Federal Defendants and that is likely to be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see*

---

[5] To the extent Plaintiff attempts to assert state law claims against the Federal Defendants, he has not satisfied the pleading requirements of Rule 12(b)(6) and those claims are likewise dismissed without prejudice. *Iqbal*, 556 U.S. 662.

*also Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013) ("To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.") (internal quotations omitted).

The Court agrees that Plaintiff has failed to allege how he has been injured by any provision of the Patriot Act which might be found to be unconstitutional. Put differently, Plaintiff has not alleged sufficient facts to demonstrate that he suffered a concrete injury that is fairly traceable to action taken by the Federal Defendants pursuant to the Patriot Act. *Id.* Because Plaintiff has not demonstrated in his complaint and the amendments thereto that he has standing to challenge the constitutionality of the Patriot Act, the Federal Defendant's motion to dismiss this claim is likewise **GRANTED** and this claim is **DISMISSED WITHOUT PREJUDICE**.

In dismissing Plaintiff's claims against Sheriff Sid J. Gautreaux, III with prejudice, the Court notes that he is a practicing attorney and a member in good standing of the bar of this Court, and he has had ample opportunities to correct deficiencies in his numerous amended complaints. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) AND RULE 12(b)(6) (Doc. 42)** filed by the Louisiana State Police (Doc. 42) is hereby **GRANTED** and Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) AND RULE 12(b)(6) (Doc. 45)** filed by the Southern University Board of Supervisors is hereby **GRANTED** and Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 46)** filed by Sheriff Sid J. Gautreaux, III is hereby **GRANTED** and Plaintiff's claims against him are **DISMISSED WITH PREJUDICE**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 49)** filed by the National Security Agency and the United States Department of Justice on behalf of the Director, Federal Bureau of Investigations is hereby **GRANTED** and Plaintiff's claims against them, including his claim challenging the constitutionality of the Patriot Act, are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 24th day of June, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**